UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SOUTHWEST MARINE & GENERAL INSURANCE COMPANY.,

Plaintiff,

25-cv-6405 (PKC)

-against-

ORDER

HUDSON EXCESS INSURANCE,

Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

Fact discovery in this action was scheduled to close on March 6, 2026. On March 5, the parties jointly sought a "**45-day adjournment**" reporting that "the parties are pleased to advise that they have engaged in **settlemen**t discussions." (ECF 25.) The request was granted. (ECF 26.)

On April 29, 2026, the parties jointly wrote to the Court seeking "**one last 45-day adjournment** of all remaining dates, including Premotion Letter Requirement, the Final Pretrial Submission Date and the Conference . . . .to permit **settlement discussions to proceed and be finalized.**" (ECF 28.) The Court extended the date for the Final Pretrial Conference and final pretrial submissions. (ECF 29.)

Thereafter, on May 8, 2026, Southwest reported that the prospects of a resolution were not so rosy and that it wanted to belatedly file a motion for summary judgment. (ECF 30.) On May 13, 2026, the Court invited the parties to propose a schedule on final pretrial submissions and, then, adopted the parties' proposal in its entirety. (ECF 31 & 33.)

On August 5, 2026, the Court received a joint request for a "**a brief 45 day** extension" because of counsel's wife's surgery that had occurred at some unspecified time. (ECF 34.) The Court granted the request. (ECF 35.)

In a partial departure from prior practice, on September 10, 2026, the parties asked for further extension but this one was for "**a brief 30 day extension**;" the stated reason was because "the Parties are discussed [sic] **potential resolution** of this matter and request the additional time to explore same before moving forward." (ECF 36.) The Court granted the request. (ECF 37.)

Then on October 9, 2026, with a filing due on October 14, the parties jointly requested "**a brief 30 day extension**;" the stated reason is "to continue **potential resolution** discussions." (ECF 38.) A review of the proposed schedule reveals that it pushes out the schedule not by 30 days but by 48 days. (Id. ("[T]he proposed Joint Pre-Trial Order will be filed by January 20, 2027, which was originally scheduled for December 3, 2026.")) The Court observes that a 48-day extension may be a lot of things, but it is not "a brief 30 day" extension.

It would be a complete abdication of the judge's role in managing a case to allow this pattern to continue. This is a straightforward coverage dispute between two insurance carriers. It can be settled or not. Is the plan to drag this out to see what happens in the underlying personal injury action before getting serious about settlement? If so, it amounts to a lack of candor (to use a polite term) to conceal this intention from the Court. If there is some other reason behind the pattern, it should be disclosed to the Court.

The Court tries to accommodate the legitimate needs of counsel. I cannot in good conscience accommodate this request in full.

Plaintiff's submissions due on October 14, 2026 are now due October 28, 2026. Defendant's submissions due October 28, 2026 are now due November 13, 2026. Defendant's Trial brief originally due December 1 is now due December 14, 2026. The proposed Joint Pre-Trial Order shall be filed by December 17, 2026 with the parties free to agree on dates for exchanges of their portions. The Final Pre-Trial Conference will be on December 22, 2026 at 3:30 p.m.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 15, 2026